RYLAND, APPELLANT, *v.* STATE AUTOMOBILE MUTUAL INS. CO., APPELLEE.*

*Motion to certify the record overruled, December 21, 1955.

(No. 747—Decided September 21, 1955.)

*Messrs. Ross & Sauter,* for appellant.
*Mr. William A. Calhoun,* for appellee.

PUTNAM, J.  This action originated in the Common Pleas Court and is one in which an insured seeks to recover against his insurer company for breach of the insurance contract.  A jury was waived, and trial was had to the court which rendered judgment for the defendant.  This appeal on questions of law results with the allegation of error that the judgment was contrary to law and the weight of the evidence.

The question presented to this court concerns section 24 of the policy contract which was pleaded in the defendant's answer as the second defense, and which is as follows:

"24. Lapse.  This policy shall lapse and the company shall not be liable hereunder during any period in which the named insured may be in default for the payment of any of the installment payments of premium as hereinbefore provided.  On payment of any past due installment of premium for reinstatement of this policy the term hereof shall not be extended nor deduction made for the lapsed period.  Such portion of the premium shall be due the company as consideration for reinstating the policy.  The acceptance by the company of any past due installment of premium shall not constitute a waiver of the provisions of this policy with respect to liability during any lapsed period.  All payments of premium, except the first, whether made by mail or otherwise, must be received at the office of the company on or before noon of the due date to keep this policy

continuously in force. Any installment of premium falling due on a Sunday or holiday must be paid on or before noon of the following day.''

The question presented to this court is stated in the appellant's brief, and is concurred in by the appellee in its brief. The question is as follows:

''It is the belief of the plaintiff-appellant that the sole question involved in this lawsuit is whether or not under the facts of the matter herein concerned and under the public policy of the state of Ohio, the defendant-appellee is entitled to have the provisions of section 24 of its policy enforced. If it is not, the plaintiff-appellant should receive judgment; if it is entitled to have such provisions enforced, then the defendant-appellee was entitled to receive judgment.''

Consequently, an extended factual statement is not required, but the following facts taken from the record will aid in understanding the question presented.

The policy, covering the plaintiff in his use of a dump truck, was issued July 7, 1950, for a total yearly premium of $133.20, payable in installments, the first of which was $53.28 and was paid at the time of issuance of the policy. The second installment, of $39.96, was due September 7, 1950. That installment was not paid when due. On September 14, 1950, at 1:15 p. m. plaintiff was involved in an accident in which his dump truck ran into an automobile. The same date, after the accident, he mailed defendant a check dated September 11, 1950, in the sum of $39.96, covering the second installment. On September 15, plaintiff notified defendant's agent of the accident, and the agent reported it to the home office. Defendant cashed the check for $39.96 on September 18. The plaintiff was sued by the other party to the accident and requested the defendant to defend the action, but the defendant refused. He then employed counsel and defended the action, but a judgment was rendered against him for $500 plus costs. The present action seeks to recover that amount plus attorney fees. On November 21, 1950, the defendant, under the terms of the policy, cancelled

the same, made a determination of the earned premium and refunded to the plaintiff the sum of $43.95.

It is the appellant's contention that the premium paid on July 7 constituted 40 per cent of the total number of days of the policy's duration, or 146 days, and that such period would continue the policy in force beyond the date of the accident, September 14—in fact until November 30. It is contended further that the refund of $43.95 being in excess of the last premium of $39.96, showed conclusively that the plaintiff had actually paid for insurance on the date of the accident.

Of course, the provisions of section 24 of the insurance contract are to the contrary and, if valid, render the judgment below correct.

The appellant concedes that his research reveals no direct Ohio authority supporting his contention. Outside Ohio he cites the dissenting opinion by McAllister, J., in the case of *Bek* v. *Zimmerman,* 285 Mich., 224, 280 N. W., 741, and asserts that that dissenting opinion is founded upon the better reasoning. The extract quoted, from page 238, is as follows:

"Insurance is a business deeply affected with a public interest. It transcends the concept of private contract. * * * The public has an especial interest in automobile accident insurance. * * *

"* * *

"* * * it would be contrary to public policy to require a citizen to pay for insurance which he does not actually receive."

That case is squarely in point on the question herein involved. The headnotes for the majority opinion, as found in the Northwestern Reports, however, are as follows:

1. "The language of automobile liability insurance policy 'terms endorsement,' providing that failure to make payments to insurer on due date shall automatically terminate all coverage after such date, but that, on subsequent payment of full amount, policy shall again become effective from time of such payment, is not ambiguous."

2. "The statute, requiring provision in automobile insurance policy for cancellation thereof by insurer after five days'

written notice to insured, does not require such notice after automatic suspension of liability under precise terms of agreement, so that 'terms endorsement,' providing that failure to make payments to insurer on due date shall automatically terminate all coverage, is not void as attempt to evade necessity of such notice.''

3. ''A provision of automobile liability insurance policy 'terms endorsement' that failure to make payment to insurer on due date shall automatically terminate all coverage, but that policy shall again become effective from time of subsequent payment of full amount, is not void as contrary to public policy.''

4. ''Courts may not write a new contract for parties.''

5. ''A question, not raised at trial, nor passed on by trial judge, as to whether garnishee defendant is estopped to deny liability to plaintiff under automobile liability insurance policy issued to principal defendant, cannot be considered on appeal from judgment against garnishee.''

The contention and argument of the plaintiff have some merit, but, of course, there are two sides to the question. Although no third parties are involved in this case (except, as appellant contends, the public), why should not the insured have the benefit of the protection he had actually paid for in accordance with a pro rata calculation? There are several possible answers. First, there was a consideration for the insertion of section 24 in the policy. It absolved the insured from paying the entire premium in advance. That is a provision that many automobile owners for finanacial reasons desire to have. Second, as pointed out in the appellee's brief, the rate schedule is stabilized and the desirability of risk determined. Again, why should not the insurance company be protected against the practice of one who deliberately allows his insurance to lapse in accordance with the terms of the policy and after an accident, as occurred in this case, mail an antedated check and expect to profit thereby?

The appellant in his reply pleading raises the question of estoppel. In the absence of an established custom, not shown in

this case, we know of no authority which would estop this defendant, in the face of the plain and unambiguous provisions of section 24 of the contract.

Experience has shown that courts, other than those of last resort, should be cautious in pioneering new and doubtful concepts relative to legal principles long established. In the instant case section 24 of the contract is clear and unambiguous. Both parties are charged with knowledge of it. There is no legislative enactment interdicting directly the incorporation thereof in the contract. Matters of public policy are primarily questions for the Legislature. In the absence of a situation, in its nature shocking to establish legal concepts, let the Legislature and not the courts establish directly and not by inference such a public policy.

It follows from the above observations that in our opinion the judgment below was not erroneous and contrary to law, and that the same must be, and hereby is, affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and McCLINTOCK, J., concur.